ELLIS, Judge:
This is an appeal by Brenda Gail Braddy Rowdon from a judgment decreeing a separation from her husband, Jeffrey John Rowdon, on the ground of mutual fault and awarding to Mr. Rowdon custody of the two minor children born of the marriage.
This suit was originally filed by Mr. Row-don, seeking a separation on the ground of habitual intemperance. It is alleged that Mrs. Rowdon “excessively abuses alcohol and drugs.” Mrs. Rowdon reconvened for a separation on the ground of abandonment.
Mrs. Rowdon suffered an injury in an automobile accident when she was pregnant with her first child, about five years before the trial in this case. She suffered grand mal seizures as a result, and Dilantin and phenobarbital were prescribed for this condition. About a year before the trial she began to take Darvocet, and continued to take it in increasing quantities until November, 1978, when she consulted a doctor because she felt she was taking too much. The doctor testified she told him she was taking 20 to 40 Darvocets daily. He referred her to a psychiatrist, who told her to stop the Darvocet, and who put her on Valium instead. Mrs. Rowdon testified that she discontinued all drugs before January 1, 1979, except for Ativan and some vitamins which were prescribed by the psychiatrist.
Other evidence indicates that at one time, some seven or eight months before trial, Mr. Rowdon found Mrs. Rowdon at the kitchen sink with about 15 phenobarbitals in her hand, which he took away from her. Mrs. Rowdon testified that she did not intend to take all the pills, but had just spilled too many from the bottle into her hand. At about the same time, she was taken to a hospital to have her stomach pumped after taking about 10 Elavils. About eight months before the trial, Mrs. Rowdon attempted to commit herself to Southeast Louisiana State Hospital in Mandeville because of her problem with Darvocet, but was not accepted.
Mr. Rowdon also testified that on about 10 occasions during the three years before the trial, he had seen his wife in a condition when “she can’t talk, can’t walk — she’s uncoordinated, she’s in another world.”
The incident which led to their separation occurred on May 4, 1979, about three and one-half months before the trial. Mr. Row-don returned home and found Mrs. Rowdon asleep in her bed, with a smoking pot of potatoes on the stove, and their trailer home filled with smoke. He had difficulty in awakening her, but did so. He assisted her to the door and put her out, telling her that if she returned he would kill her. Mrs. *500 Rowdon was in a fairly advanced state of pregnancy at the time. Mr. Rowdon testified that he told her mother that Mrs. Row-don needed help.
Mrs. Rowdon testified that she had not slept for two nights before the incident because of headaches, and that she had taken three Ativans, one less than the maximum number prescribed by the psychiatrist. She said she lay down to relax and inadvertently went to sleep. She said she was not drugged but exhausted.
After the foregoing incident, Mrs. Row-don had herself committed to East Louisiana State Hospital in Jackson, where she remained for a week. After her discharge she returned home, and Mr. Rowdon then took the children and went to live with his sister. This suit was filed the day after Mr. Rowdon put his wife out of the trailer.
There is no evidence in the record to substantiate any mental illness on Mrs. Rowdon’s part. Except for the May 4, 1979, incident, every other specific incident took place at least four months before the separation. According to her unrebutted testimony, she had had no drugs at all since January 1, 1979, except for Valium and Ativan, which she took under doctor’s orders. There is no evidence to show that she was not a good mother.
The record further reflects that Mr. Row-don was a fairly heavy drinker of beer. At the time of the trial he and the two children were living in a trailer with his sister, her husband and their three children.
We are disturbed by the result reached in this case. Although it is clear that Mrs. Rowdon had had some sort of drug problem during 1978, there is nothing to contradict her assertion that she was no longer taking these drugs during 1979 and up to the time of the separation. Neither is there any evidence to show that she was anything other than a good mother to her children. Unfortunately, the testimony of the psychiatrist who was treating Mrs. Rowdon was not offered, nor was that of a social worker who was, apparently, familiar with her case.
The depositions of these two witnesses were to be taken post trial and placed in the record by Mr. Rowdon, but he did not do so.
We think that, on its face, this record does not justify either the finding of mutual fault or the grant of custody to Mr. Rowdon. The only drug problem which was proven was over five and one-half months prior to the event when Mr. Rowdon put Mrs. Rowdon out of the trailer. We do not think this sufficient to entitle Mr. Rowdon to a separation on the ground of habitual intemperance, and no other ground is alleged.
On the other hand, there can be little doubt that Mr. Rowdon abandoned his wife when he took their children and left the trailer when she returned from the hospital.
On the question of custody, the same reasoning applies. The evidence shows that Mrs. Rowdon took good care of her children, and the record does not show that she was not able to continue to care for them or that she was in any way unfit.
We are of the opinion that, on the face of the record, the result reached by the trial judge is clearly wrong. However, because the children involved are of tender years, and because we think that the testimony of the psychiatrist and social worker is necessary in reaching a proper result in this case, we believe that the interest of justice would best be served by a remand for the purpose of admitting the testimony of these witnesses, and any other relevant evidence both as to the granting of the separation and the question of custody.
The judgment appealed from is therefore reversed and set aside, and the case remanded to the trial court for further proceedings consistent with this opinion and according to law. Costs of this appeal shall be paid by Mr. Rowdon, with all other costs to await final disposition hereof on its merits.
REVERSED AND REMANDED.